IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IAN A. BRINKSMAN,<br><br>*Defendant*. | Case No. 1:26-MJ-423 |

**UNITED STATES' EMERGENCY MOTION**
**FOR STAY AND APPEAL OF MAGISTRATE JUDGE'S ORDER OF RELEASE**

Pursuant to 18 U.S.C. § 3145(a)(1), the United States files this emergency motion for a stay and appeal of the order of release issued by United States Magistrate Judge William Porter. In support of this motion, the United States submits the following:

1. The criminal complaint in the above-captioned case charges defendant Ian Brinksman ("Brinksman") in Count One with transmitting national defense information to an unauthorized person, in violation of Title 18, United States Code, Section 793(d). ECF No. 1-2. This offense carries a maximum 10-year sentence. 18 U.S.C. § 793(d).

2. Brinksman is a dual U.S. and U.K. citizen. Brinksman spent two years as a CIA employee and the last nearly four years as a contractor at the CIA. ECF No. 2, Affidavit in support of criminal complaint, ¶ 10. The criminal complaint is based on an investigation which revealed that – on five separate occasions – Brinksman accessed closely held classified information (some up to the Top Secret Level) and then passed the information on to his girlfriend ("Individual 1") who subsequently published articles on her Substack account which contained similar or the same content from the classified material Brinksman had accessed. *See generally*, ECF No. 2. Law

enforcement executed search warrants on Brinksman's phone and obtained emails and text messages from Brinksman's accounts, which all contained evidence that Brinksman coordinated with Individual 1 on the drafting and publication of her Substack articles. ECF No. 13, Mot. for Detention.

3. On October 23, 2026, FBI made a probable cause arrest of Brinksman while executing a search warrant of his residence. United States Magistrate Judge William Fitzpatrick determined that a criminal complaint charging Brinksman with 18 U.S.C. § 793(d) was supported by probable cause and subsequently granted the government's motion for a detention hearing at his initial appearance. ECF Nos. 1-5. On October 27, 2026, Brinksman appeared before United States Magistrate Judge William Porter for his preliminary hearing and detention hearing. ECF No. 15. Judge Porter found there was probable cause for the case to proceed but denied the government's motion for detention. *Id*. Judge Porter ordered Brinksman released subject to certain pre-trial conditions, including remaining in the custody of a third-party custodian, location monitoring, and restrictions on travel and communicating with witnesses. *Id*. On motion of the government, Judge Porter stayed the order until October 28, 2026, at noon. *Id*.

4. The United States appeals to this Court, as the court of original jurisdiction over the offense, requesting a stay of release beyond noon on October 28, 2026, and a reversal of Judge Porter's order of release.

## REVIEW OF DETENTION BY THE DISTRICT COURT

5. The government seeks review of the Magistrate Judge's ruling pursuant to 18 U.S.C. § 3145(a)(1). This provision provides that a court with "original jurisdiction over the offense" may review the release order of a magistrate judge. 18 U.S.C. § 3145(a)(1). On review, the district judge acts *de novo* and makes an independent determination of the proper pretrial

detention or conditions for release based on evidence presented to the magistrate judge and on additional evidence adduced before the district judge. *See United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989); *see also United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985).

6. The government incorporates by reference the brief filed on October 26, 2026, in support of its motion for detention. ECF No. 13.[1]

**LAW APPLICABLE FOR A STAY**

7. A court considering whether to stay an order pending appeal must consider four factors:

a. Whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

b. Whether the applicant will be irreparably injured absent a stay;

c. Whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

d. Where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009).

8. The government has made a strong showing that there is no condition or combination of conditions that can reasonably assure the safety of the community or the defendant's appearance at future proceedings. The defendant transmitted highly classified national

[1] The government corrects the following citations in the brief: (i) *United States v. Gun*, 1:24-cr-0019, Doc. 30 (EDVA Sept. 10, 2024) (transcript of hearing on the government's motion to revoke release order); (ii) *United States v. Martin*, 17-cr-00069, Doc. 31 (DMD 2016) (transcript of detention hearing); (iii) *United States v. Reality Winner*, 1:17-cr-00034, Doc. 163 at 14 (SDGA 2017) (order by district court judge affirming magistrate judge's detention order); and (iv) *United States v. Teixeira*, 1:23-cr-10159-IT (D. Mass. 2023) (order affirming magistrate judge's detention order). The cited authorities are attached here for the Court's convenience.

defense information to his girlfriend who subsequently publicized material. The weight of the evidence is significant: on five separate occasions, the defendant accessed classified reports and within days his girlfriend published articles with the same or similar content. And he was the only person to have accessed the five reports and reviewed his girlfriend's Substack articles at the agency. The defendant is a dual citizen who has spent the last approximately 6-years working with some of the most highly sensitive, classified material; he has counter-surveillance training, and – now that he has been charged and his employment terminated – possesses the motive to trade on that intelligence for money or means of escape.

9. The government will be irreparably injured absent the stay given the nature of the information that Brinksman regularly accessed to over the last six years. Any period before trial that Brinksman is not in custody creates the intolerable risk that he could be further leaking or selling state secrets.

10. The issuance of a brief stay to allow this Court sufficient time to address the question of detention will undoubtedly create some harm for Brinksman as he will be detained during the pendency of the litigation; however, the harm will be relatively slight, as the parties and this Court will no doubt expeditiously address the issue.

11. Finally, the public interest favors preservation of the *status quo*, which would allow this Court time to address the issue while simultaneously protecting the public from the harm posed by the defendant further leaking or trading on highly sensitive, classified information.

**LAW APPLICABLE TO DETENTION**

12. As outlined in the United States' brief in support of detention below, the United States contends that defendant Brinksman should be detained because there is no condition or

combination of conditions that will reasonably assure his appearance and reasonably assure the safety of any other person and the community.

13. Were the Court to disagree with the United States position as articulated herein, it is respectfully requested that the following additional conditions of release be imposed: (1) the defendant be restricted to home confinement at his mother's residence (unless traveling for court or appointments with lawyers or otherwise approved by probation); and (ii) Brinksman or his third-party custodian supply a bond to secure Brinksman's appearance at trial.

Respectfully submitted,

Todd Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

*/s/ __Vito A. Iaia__________________*
Vito A. Iaia
Assistant United States Attorney
IL Bar No. 6327072
U.S. Attorney's Office, EDVA
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 203-5725
Vito.Iaia@usdoj.gov

JOHN A. EISENBERG
Assistant Attorney General for National Security

Tanner Kroeger
Deputy Chief
U.S. Department of Justice
National Security Division
Counterintelligence and Export Control Section
950 Pennsylvania Ave., NW
Washington, D.C. 20530
Telephone: 202-353-9488
Tanner.Kroeger@usdoj.gov

By: _/s/ Eli J. Ross_
Trial Attorney
IL Bar No. 6321411
Telephone: 202-616-5447
Eli.Ross2@usdoj.gov

By: _/s/ Kathryn DeMarco_
Trial Attorney
FL Bar No. 100210
Telephone: 202-616-2612
Kathryn.DeMarco@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on October 28, 2026, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

*/s/__Vito A. Iaia*__________________
Vito A. Iaia
Assistant United States Attorney
IL Bar No. 6327072
U.S. Attorney's Office, EDVA
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 203-5725
Vito.Iaia@usdoj.gov