# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

United States of America
v.
Ian A. Brinksman
*Defendant*

Case No. 1:26-mj-423

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: United States District Court
*Place*
401 Courthouse Square, Alexandria, VA 22314

on TBD
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(☑) (6) The defendant is placed in the custody of:
Person or organization Mary Brinksman
Address (*only if above is an organization*) 555 WINDSONG DR.
City and state ABERDEEN, MD 21001 Tel. No. 412 953-1780

who agrees (a) to supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: [signature] *Custodian* 10·28·26 *Date*

(☑) (7) The defendant must:

- (☑) (a) submit to supervision by and report for supervision to the **Pretrial Services Office**, telephone number ______, no later than ______.
- (☐) (b) continue or actively seek employment.
- (☐) (c) continue or start an education program.
- (☑) (d) surrender any passport* to: Pretrial Services Officer *including all US & UK Passports.
- (☑) (e) not obtain a passport or other international travel document.
- (☑) (f) abide by the following restrictions on personal association, residence, or travel: **Do not depart the** District of Maryland or the **Washington D.C. Metropolitan area without prior approval of Pretrial Services or the Court.**
- (☑) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: co-conspirators related to instant offense unless in presence of counsel, including Journalist 1.
- (☐) (h) get medical or psychiatric treatment: ______
- (☐) (i) return to custody each ______ at ______ o'clock after being released at ______ o'clock for employment, schooling, or the following purposes: ______
- (☐) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
- (☐) (k) not possess a firearm, destructive device, or other weapon.
- (☐) (l) not use alcohol ( ☐ ) at all ( ☐ ) excessively.
- (☐) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- (☐) (n) submit to testing for a prohibited substance, if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, wearing a sweat patch, submitting to a breathalyzer, and/or any other form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of substance screening or testing of prohibited substances.
- (☐) (o) participate in a program of inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer.
- (☐) (p) participate in the remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as directed, including not consuming alcohol.
  ( ☐ ) pay all or part of the cost of remote alcohol testing, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer.
- (☑) (q) participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

  i. Following the location restriction component **(check one):**

  ( ☐ ) (1) **Curfew.** You are restricted to your residence every day ( ☐ ) from ______ to ______, or ( ☐ ) as directed by the pretrial services office or supervising officer; or

  ( ☐ ) (2) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services office or supervising officer; or

  ( ☐ ) (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court; or

  ( ☑ ) (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

## ADDITIONAL CONDITIONS OF RELEASE

(☑) (q) submit to the following location monitoring technology and comply with its requirements as directed:

- (☑) (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
- (☐) (ii) Voice Recognition; or
- (☐) (iii) Radio Frequency; or
- (☑) (iv) GPS.

(☑) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

(☐) (s) report as soon as possible, to the pretrial sevices or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(☐) (t) See attachment

ATTACHMENT TO PAGE 3 CONDITIONS OF RELEASE

- Refrain from possessing or having access to a computer or the internet unless a computer monitoring program has been installed by Pretrial Services. The defendant shall consent to the installation of computer monitoring software on any computer which the defendant has access. Installation shall be performed by Pretrial Services. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The cost of the monitoring will be paid by the defendant.

- Refrain from possessing or utilizing any video gaming system and console, phones with internet capabilities, or other such devices which would enable contact and/or sharing of data with other individuals known or unknown to the defendant unless a computer monitoring software has been installed by Pretrial Services.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

[signature]

*Defendant's Signature*

Washington D.C. 412-751-6350

*City and State* *Telephone Number*

### Directions to the United States Marshal

( ☐ ) The defendant is ORDERED released after processing.
( ☑ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: October 27, 2026

[signature]

*Judicial Officer's Signature*

/s/
William B. Porter
United States Magistrate Judge

*Printed name and title*

* The Court stays this order until Noon on October 28, 2026, to allow the government to seek review of this order.

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

/s/
William B. Porter
United States Magistrate Judge